GRAND HAVEN STATE BANK *v.* KOOIMAN.

CREDITORS' SUITS—COMPROMISE BY RECEIVER—EVIDENCE.

On petition by receiver of judgment debtor for authority to accept compromise of notes on which the obligor owed the judgment debtor $9,942.25 for $3,500, evidence *held,* to justify order authorizing receiver to accept compromise offered, where forced collection against payor would likely lead to recovery of less than sum offered and there seems to be no disposition on the part of the judgment debtor to aid in the satisfaction of the judgment.

Appeal from Ottawa; Miles (Fred T.), J. Submitted April 18, 1939. (Docket No. 42, Calendar No. 40,455.) Decided June 5, 1939.

Judgment creditor's bill by Grand Haven State Bank, administrator of the estate of James Van Bemmelen, deceased, against Peter Kooiman, Alice Kooiman, Antoinette Kooiman, Angie Kooiman, and George Swart. From decree granting petition by Louis H. Osterhous, receiver, to secure authorization to accept a compromise settlement, defendants appeal. Affirmed.

*Louis H. Osterhous, in pro. per.*

*Charles E. Misner,* for defendants.

WIEST, J. October 3, 1931, plaintiff obtained a judgment for $2,874.63 against defendant Peter Kooiman. Under a judgment creditor's bill in which Antoinette, Alice and Angie Kooiman were also made defendants, because they were named payees

in three promissory notes, in an aggregate amount of $7,100, executed by George Swart in 1931, the court adjudged such notes to be the property of Peter Kooiman, the judgment debtor, and appointed a receiver. The three notes, with unpaid interest, on June 28, 1937, amounted to $9,942.25. Mr. Swart was unable to pay the notes, but with the promised aid of friends was enabled to offer the receiver the sum of $3,500, if accepted in full satisfaction of his indebtedness. Thereupon the receiver petitioned the court for leave to accept the offer. The judgment debtor objected, claiming such a compromise would be unjust; that the amount due plaintiff could be paid without recourse to the notes, and that Mr. Swart could pay the notes in full if given sufficient time.

The court heard the proofs and in January, 1938, authorized the receiver to accept the compromise offered.

The judgment debtor, by appeal, contends that the order was "unjust, unfair, unconscionable and against the rules of equity jurisprudence."

The procedure was proper.

Mr. Swart was a witness and detailed his assets, and it appears that forced collection against him would likely lead to a less amount than the offer made.

We discover no disposition on the part of the debtor to aid in the satisfaction of the judgment.

The evidence justified the order appealed from. Affirmed, with costs to plaintiff.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.